## THE STATE v. DAVID FANN.

A person employed as a "field hand," working by the day, week or month, has no charge of his employer's money, and if the latter entrust him with money and he embezzles it, he is not guilty of larceny.

The case of *State* v. *Jarvis*, 63 N. C. Rep. 556, and *State* v. *England*, 8 Jones 399, cited and approved.

This was an indictment for larceny, in stealing Bank and United States Treasury notes, tried before his Honor, *Watts, J.*, at a Special Term of the Superior Court of WAKE County, held in January, 1871.

At the trial, it appeared that the defendant was in the employ of one Cook, working for him as a "field hand" by the day, week or month; that on a certain occasion, Cook, being very much intoxicated, entrusted him with a roll of money, wrapped up in paper, to take care of for him; that afterwards the money was found to be missing, and there was evidence tending to show that the defendant had fraudulently appropriated it to his own use.

His Honor was requested by the defendant's counsel to instruct the jury that if he, the defendant, received the money from his employer to keep for him, he was not guilty of larceny, though he subsequently appropriated it to his own use, denying that he knew anything about it.  His Honor refused so to charge, but instructed the jury that if the defendant, after receiving the money from his employer to keep

for him, subsequently appropriated it to his own use with a fraudulent intent, he was guilty of larceny.

The jury found a verdict of guilty, upon which a judgment was rendered, and the defendant appealed.

*Battle & Sons,* for the defendant.
*Attorney General* and *Fowle,* for the State.

DICK, J.   Where a master having possession of goods, entrusts them to the care and custody of his servant, and the servant fraudulently converts them to his own use, he is guilty of larceny, as the goods remained in the constructive possession of the master.   *State* v. *Jarvis,* 63 N. C. R. 556.

This strict rule of the common law was adopted for the purpose of protecting masters against the depredations of their servants—but it was not applicable in England to the case of a dishonest bailee until the enactment of the statute of 24 and 25 Victoria, and it has been held that the provisions of that statute do not apply to a bailment of money. Roscoe 584.   The rule of the common law is still in force in this State, and is very clearly expressed in the case of *Rex* v. *Banks, Russ* v. *Ryn,* 441, which overrules the doctrine laid down on this subject in 2 East. P. C. 690-695, and 2 Russell, 1089.   " If the owner parts with the possession of goods for a special purpose, and the bailee when that purpose is executed, neglects to return them, and afterwards disposes of them, if he had not a felonious intention when he originally took them, his subsequent withholding and disposing of them, will not constitute a new felonious taking, or make him guilty of felony."   It is also well settled, that if goods are delivered to a bailee and he *breaks bulk,* and fraudulently appropriates a part of the goods to his own use, this is a determination of the bailment, and the bailee is guilty of larceny.   Roscoe 583.

The only question presented in the case before us, is wheth-

-er the prisoner was a servant, or a bailee of the prosecutor. The prisoner was employed as a "field hand" and as such had the charge and custody of such property as he used in the course of husbandry, but had no custody or control of the money of the prosecutor.   He was not a slave and subject to the orders of a master in all respects, but he had certain duties to perform under contract.   The money was delivered to him as a friend, and he was requested to take care of it, while the owner was intoxicated.   The transaction, as proved by the witness, Mrs. Virginia Cope, constituted the prisoner a bailee of the money, and as he acquired possession lawfully, his subsequent dishonest conduct did not amount to the crime of larceny.   *State* v. *England,* 8 Jones 397.

There was error in the ruling of his Honor, and there must be a *venire de novo.*

Let this be certified.

PER CURIAM.                              *Venire de novo.*